J-S38033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER JONATHAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 291 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 12, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002541-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER JONATHAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 292 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 12, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002540-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 10, 2020**

Appellant, Tyler Jonathan Williams, appeals from the September 12, 2019, judgment of sentence entered in the Court of Common Pleas of Luzerne County following his open guilty pleas to two separate incidents of flight to

---

[*] Former Justice specially assigned to the Superior Court.

avoid apprehension[1] with one count docketed at CP-40-CR-0002540-2019 ("2540-2019") and one count docketed at CP-40-CR-0002541-2019 ("2541-2019"). Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: The lower court issued an arrest warrant for Appellant while he was on parole with regard to two unrelated cases.[2] Thereafter, on two separate occasions in June of

---

[1] 18 Pa.C.S.A. § 5126(a).

[2] Prior to the instant offenses, Appellant was convicted and sentenced for criminal trespass and theft by unlawful taking, docketed at CP-40-CR-0000993-2015 ("993-2015"), as well as criminal trespass, docketed at CP-40-CR-0003405-2016 ("3405-2016"). While Appellant was on parole with regard to these two cases, for reasons unclear from the instant record, the trial court issued a warrant for Appellant's arrest on June 10, 2019. The instant offenses at docket numbers 2540-2019 and 2541-2019 arose from the police officers' attempts to serve the arrest warrant upon Appellant.

On July 26, 2019, Appellant appeared before the Honorable Michael T. Vough for a revocation hearing with regard to docket numbers 993-2015 and 3405-2016. Judge Vough revoked Appellant's parole. With regard to docket number 993-2015, he sentenced Appellant to an aggregate of nine months to twenty-three months in prison. With regard to docket number 3405-2016, he sentenced Appellant to two years of probation, to run consecutively to the sentence imposed at docket number 993-2015.

2019, Appellant fled from Nanticoke police officers, who were attempting to execute the arrest warrant.[3]  N.T., 9/12/19, at 5-6.

As indicated *supra*, in connection with his attempts to evade capture, Appellant was charged with separate offenses at two lower court docket numbers.  The trial court consolidated the cases.  On September 12, 2019, Appellant, who was represented by counsel, appeared before Judge Vough, and he entered open guilty pleas to two separate charges of flight to avoid apprehension.

Appellant, noting Judge Vough had previously sat for Appellant's revocation of parole hearing in two unrelated cases, specifically waived his right to a presentence investigation in the instant matter.  *Id.* at 5.  However, Appellant's counsel offered the following information on behalf of Appellant:

> I was not at [Appellant's] parole violation hearing.  I represented him on two charges, coincidentally one being on June 21st of '19 with Hanover Township, a harassment by communication with his girlfriend.
>
> He had another one out of Hanover Township on June 19th.  They both resolved by summary harassment pleas at the magistrate.  The last one ended today.
>
> From my knowledge of the case, it all happened at the same time, but they've all been processed at different points.  He and his girlfriend have a child, [who is a] one year old.  It was a bitter

_____

[3] Specifically, with regard to docket number 2541-2019, Appellant fled from the Nanticoke police on June 12, 2019, and with regard to docket number 2540-2019, Appellant fled from the Nanticoke police on June 21, 2019.  N.T., 9/12/19, at 5-6.

dispute in separation. They both have three-year PFAs against each other.

He was using drugs. He was out of control during this time period as a result of all of this happening. Since then, luckily now, he has reunited with his family, his grandmother, his mother.

He's serving your sentence. The Commonwealth has agreed to make these concurrent to each other.[4] If you think it's appropriate that there will be additional supervision after serving the sentence on your case, I don't believe you made him immediately eligible for parole.

I did talk to him possibly about getting case management with a bed-to-bed release on your earlier case.

*Id.* at 7-8 (footnote added).

At the conclusion of the hearing, the trial court sentenced Appellant as follows: For the offense docketed at 2540-2019, one-year of probation, to run consecutively to the sentences imposed in the unrelated parole revocation cases. For the offense docketed at 2541-2019, one-year of probation, to run concurrently to the sentence docketed at 2450-2019.[5]

On September 18, 2019, Appellant filed a timely, counseled motion for modification of his sentence. Therein, Appellant averred the trial court abused its discretion in imposing his sentence at 2540-2019 consecutively to the sentences imposed in his unrelated parole revocation cases. Appellant argued

---

[4] During the guilty plea hearing, the Commonwealth advised the trial court that each of Appellant's offenses carried a "maximum of two years and a maximum fine of $5,000." *Id.* at 2. The Commonwealth noted there was no agreement to sentencing but that the Commonwealth "doesn't object to these cases running concurrent to each other." *Id.*

[5] Appellant was provided with his post-sentence rights and appellate rights. *Id.* at 8.

the consecutive nature of the sentence resulted in an excessive period of probation. By order entered on January 15, 2020, the trial court denied Appellant's motion for modification of his sentence. On February 13, 2020, Appellant filed a separate counseled notice of appeal at each lower court docket number, and this Court *sua sponte* consolidated the appeals. All Pa.R.A.P. 1925 requirements have been sufficiently met.[6]

On May 27, 2020, counsel filed in this Court a petition seeking to withdraw his representation, as well as an **Anders** brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

---

[6] In response to the trial court's Pa.R.A.P. 1925(a) order, counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intent to file an **Anders/Santiago** brief.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted).  In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361.  Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient.  *See id.*

Herein, counsel contemporaneously filed his petition to withdraw as counsel and *Anders* brief.  His brief and petition substantially comply with the technical requirements of *Anders* and *Santiago*.  Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005).

- 6 -

Therefore, we proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

Counsel has set forth the following issue in the "Statement of Questions Presented" portion of the **Anders** brief (verbatim):

1. Whether the trial court abused its discretion and impose [*sic*] an unduly harsh sentence when it imposed an aggregate term of probation of 1 year on two cases, but ran that probation consecutive to any other previous sentence?

**Anders** Brief at 2.

Appellant argues the trial court abused its discretion in imposing an unduly harsh sentence when it ordered the sentence for docket number 2540-2019 to run consecutively, as opposed to concurrently, to his sentences in the unrelated parole revocation cases.[7]  Appellant argues the consecutive nature of the sentence resulted in an excessive period of probation.

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **See Commonwealth v. Moury**, 992 A.2d 162 (Pa.Super. 2010).  Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, **see**

---

[7] Appellant acknowledges the trial court ordered his sentence for docket number 2541-2019 to run concurrently with his sentence for docket number 2540-2019.

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

In the case *sub judice*, Appellant satisfied the first three requirements of **Moury**. He filed a timely notice of appeal, preserved his issue in his motion for modification of sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. Turning to the fourth requirement, we have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008).

By way of background,

[w]e have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.[A.] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence.

**Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa.Super. 2008) (citations omitted).

Subsequently, we recognized:

- 8 -

> An appellant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa.Super. 2018) (citing *Moury*, 992 A.2d at 171–72 ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances[.]")).

In the case *sub judice*, Appellant's bald claim of excessiveness due to the consecutive nature of Appellant's sentence at 2540-2019 as it relates to the unrelated parole revocation cases, without more, does not raise a substantial question warranting the exercise of this Court's discretionary review.[8]  *Radecki*, *supra*.  Thus, Appellant is not entitled to relief on this claim.

After examining the issue contained in the *Anders* brief, we agree with counsel that the appeal is wholly frivolous.  "Furthermore, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we

---

[8] In the *Anders* brief, counsel suggests, for the first time, that the trial court failed to consider the mitigating circumstances in imposing Appellant's sentence at 2540-2019 consecutively to the unrelated parole revocation cases.  This issue has been waived as Appellant did not challenge the court's consideration of the mitigating circumstances in the lower court.  *See Moury*, *supra*.

discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2020